# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDEEP SINGH MANN, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1276-D |
| | ) | |
| WARDEN, Federal Transfer Center; | ) | |
| CLINICAL DIRECTOR, Federal | ) | |
| Transfer Center; HEALTH | ) | |
| SERVICES COORDINATOR, Federal | ) | |
| Transfer Center; and UNKNOWN | ) | |
| AND AS YET UNNAMED OFFICERS, | ) | |
| Federal Transfer Center, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint alleging unnamed, federal-employee Defendants engaged in deliberate indifference to his serious medical needs while he was housed at the Federal Transfer Center. Doc. 1. His action therefore arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). United States District Court Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Doc. 8. The undersigned recommends the action be dismiss without prejudice based on nonservice.

I.   **Background.**

On January 5, 2016, the undersigned gave Plaintiff 120 days, or until May 4, 2016, to serve Defendants. Doc. 14. When this date passed without Plaintiff taking any action, the undersigned ordered him to show cause by June 1, 2016, why his complaint should not be dismissed for failure to serve Defendants. Doc. 15. That document was returned as undeliverable. Doc. 16. On investigation, the undersigned discovered the court's CM/ECF system had defaulted to an outdated P.O. box address and zip code for Terre Haute-USP (Plaintiff's prison) and ordered the Clerk of the Court to change Plaintiff's address to: Terre Haute-USP, P.O. Box 33, Terre Haute, IN, 47808. Doc. 17. The undersigned then ordered Plaintiff to inform the court whether he received Doc. 14 (permitting Plaintiff to begin serving Defendants). *Id.* Plaintiff responded that he did NOT receive Doc. 14 or Doc. 15, so the court extended his deadline another 120-days, or until November 3, 2016. Doc. 19. In September 2016, Plaintiff requested an extension of time, complaining he was having difficulty identifying his Defendants. Doc. 20. The court extended his deadline to January 11, 2017, and stated: "If Plaintiff needs, and is able to justify, additional time, the court may consider another motion for extension of time." Doc. 21. To date, Plaintiff has not completed his service papers, served Defendants, or sought another extension of time.

## II. Analysis.

Although appearing pro se, Plaintiff is responsible for serving Defendants with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that even though plaintiff was pro se, he was "obligated to follow the requirements of Fed. R. Civ. P. 4" (citation omitted)). Plaintiff has failed to do so. So, the undersigned must first determine whether the record reflects "good cause" for a mandatory extension of time, and if not, whether a permissive extension of time is warranted. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995); *see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014) (delineating *Espinoza's* required inquiries).

### A. Mandatory extension.

For a mandatory extension of time, Plaintiff must show "good cause" for his failure to perfect service. Fed. R. Civ. P. 4(m). While the court is sympathetic to inmates who have difficulty identifying prison staff, Plaintiff filed his lawsuit in November 2015—well over one year ago—and he has failed to seek another extension of time demonstrating any good cause for his inability to identify any of his Defendants. So, the undersigned finds Plaintiff is not entitled to a mandatory extension of time.

### B. Permissive extension.

"[W]hen a plaintiff fails to show good cause for untimely service, 'the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.'" *Murphy*, 556 F. App'x at 668-69 (quoting *Espinoza*, 52 F.3d at 841). The court considers three factors in deciding whether a permissive extension is warranted.

First, the court considers whether the statute of limitations would bar Plaintiff from refiling against Defendants. *See Espinoza*, 52 F.3d at 842. Plaintiff alleged the violations occurred in November 2013, and he had a two-year limitations period in which to file the action. *See* Doc. 1; *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (noting Oklahoma's personal injury statute of limitations is two years).[1] Plaintiff filed his complaint on November 12, 2015. Because Plaintiff gave no precise date of the alleged constitutional violations in his complaint, the court cannot know if it was timely filed. Regardless, if Plaintiff's complaint was untimely when he filed it, dismissal for failure to serve Defendants would not be detrimental. And, if his

---

[1] "A *Bivens* action is subject to the limitation period for an action under 42 U.S.C. § 1983, and that limitation period is set by the personal injury statute in the state where the cause of action accrues." *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007).

4

complaint was timely, Oklahoma's savings clause would likely salvage Plaintiff's ability to refile against Defendants. That statute provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Okla. Stat. tit. 12, § 100; *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (noting that the original suit had been dismissed for failure to serve summons and holding that Okla. Stat. tit. 12, § 100 "allows a suit so dismissed to be refiled within one year"). Under these circumstances, the undersigned finds this factor weighs against an extension of time.

Second, the court considers whether Plaintiff has unsuccessfully attempted to serve the United States. *See Espinoza*, 52 F.3d at 842. Plaintiff sued unnamed federal employees, and would have needed to serve not only the unnamed parties, but also the United States through (1) the Attorney General of the United States, and (2) the United States Attorney for the Western District of Oklahoma. *See* Fed. R. Civ. P. 4(i)(1)(A)-(B), (3). The record reflects Plaintiff has never even attempted service on the United States, so the undersigned cannot find he is entitled to an extension of time based on an unsuccessful attempt.

Third, "[t]he district court should also take care to protect [a] *pro se* plaintiff[] from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 n.8 (quotation omitted). Plaintiff paid his filing fee in full, Docs. 3, 13, so this factor also weighs against granting a permissive extension of time to effect service.

### C. Summary.

Plaintiff filed his complaint over a year ago and he has yet to seek summons for, or serve, any Defendant. And Plaintiff sought no additional extension of time, despite this Court's suggestion he do so if needed. So, the undersigned finds no "good cause" for either a mandatory or permissive extension of time.

### III. Recommendation and notice of right to object.

The undersigned recommends the court dismiss Plaintiff's complaint, Doc. 1, without prejudice.

The undersigned advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by the 9th day of February, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral.

ENTERED this 20th day of January, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE