IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| RANDEEP SINGH MANN, M.D., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1276-D |
| | ) | |
| WARDEN, Federal Transfer Center; | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 22] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Mitchell recommends the dismissal without prejudice of Plaintiff's civil rights action pursuant to Fed. R. Civ. P. 4(m), based on findings that Plaintiff has not shown good cause for his failure to serve any defendant for more than a year and that a permissive extension of time for service is not warranted.

Plaintiff, a federal prisoner appearing *pro se*, has filed a timely written response [Doc. No. 23]. Plaintiff first explains his failure to meet the most recent deadline of January 11, 2017, to complete service papers, effectuate service, or seek an extension of time for service, which was set by Judge Mitchell on September 13, 2016. *See* Order [Doc. No. 21]. Plaintiff asserts the failure was due to circumstances beyond his control (placement in special housing in December 2016 and lack of access to his legal papers) and he made a diligent but unsuccessful effort to file a timely motion requesting an extension of

time. *See* Pl.'s Obj., Attach. 1 [Doc. No. 23-1]. As pertinent to Judge Mitchell's analysis of whether to grant a permissive extension of time for service, Plaintiff states that this action was timely filed within two years after the alleged constitutional violations occurred at the Federal Transfer Center. Finally, Plaintiff states the identities and addresses of the intended defendants are still unknown to him, and he requests additional time to obtain this information and initiate service.[1]

In view of Plaintiff's response, the Court must make a *de novo* determination of any portion of the Report to which a specific written objection is made, and may accept, reject, or modify the recommended decision, or return the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Liberally construing Plaintiff's *pro se* filing, the Court understands that Plaintiff objects to Judge Mitchell's findings that he lacks good cause for a mandatory extension of time for service under Rule 4(m), and that a permissive extension of time is not warranted.[2]

The legal framework for the Court's analysis of these issues is correctly stated by Judge Mitchell. Her finding that Plaintiff has not demonstrated "good cause" for his lack of service is based both on the length of time this case has been pending without service, and Plaintiff's failure to make any filing since he was last granted an extension of time in

---

[1] In a separate filing [Doc. No. 24], Plaintiff asks to add the Attorney General of the United States and the United States Attorney for the Western District of Oklahoma as defendants in this action. This request is apparently based on Judge Mitchell's discussion of the requirements of Fed. R. Civ. P. 4(i). These are service requirements when the United States, a federal agency, or a federal employee is sued; the naming of these officials as defendants is not required or appropriate.

[2] Review of all other issues addressed in Judge Mitchell's Report is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

September 2016. Only the latter reason is addressed by Plaintiff in his objection, and only to the extent of his failure to meet the January 11 deadline.[3] Regarding past efforts to accomplish service, Plaintiff states only that he has unsuccessfully tried to obtain the names and addresses of the intended defendants and he will continue to do what he can to get this information.

The court of appeals has not conclusively defined "good cause" for purposes of Rule 4(m), but "has interpreted the phrase narrowly" and determined it "requires a greater showing than 'excusable neglect.'" *Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 174-75 (10th Cir. 1996); *see Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). The Tenth Circuit has held that "inadvertence or mistake of counsel or ignorance of the rules" is insufficient. *Putnam*, 833 F.2d at 905 (internal quotation omitted); *see Kirkland*, 86 F.3d at 176. Further, "[t]he plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176; *Despain*, 13 F.3d at 1438.

While Plaintiff has now explained his delay in making another request for additional time to complete service, the Court finds that Plaintiff has failed to establish good cause for his lack of progress during the past 13 months to serve any defendant.[4] Plaintiff has made

---

[3] Plaintiff admits he did not attempt service or make any filing by January 11, 2017, but shows that he did try to file a timely motion for an extension of time by that date.

[4] Plaintiff was first authorized to serve Defendants on January 5, 2016, and was allowed 120 days to complete service. *See* Order Requiring Service & Special Report [Doc. No. 14].

3

no effort even to serve the persons entitled to notice under Rule 4(i)(1); Plaintiff indicates he was saving Rule 4(i) service for a later "stage" of the litigation. *See* Pl.'s Obj. [Doc. No. 23], p.3. More importantly, Plaintiff does not inform the Court what he has done to identify the individuals whom he intends to sue nor what more he will do in the immediate future. While the Court is not unsympathetic to Plaintiff's situation, he cannot idly wait for information to be supplied to him and simultaneously establish a diligent effort to comply with the time limit for service.

Turning to consider a discretionary extension of time for service under Rule 4(m), Plaintiff's only objection to Judge Mitchell's analysis of this issue actually cuts against him. Plaintiff asserts this action was timely filed within the applicable statute of limitations. Accepting this to be true, a dismissal without prejudice will not operate to bar a future *Bivens* claim; a refiled action would be preserved by Oklahoma's savings statute, Okla. Stat. tit. 12, § 100. *See*, *e.g.*, *Roberts v. Barreras*, 484 F.3d 1236, 1242-43 (10th Cir. 2007) (applying state tolling statute in *Bivens* action); *see also Eastom v. City of Tulsa*, 783 F.3d 1181, 1183 (10th Cir. 2015) ("Oklahoma savings statute applies to § 1983 claims"). For the reasons stated by Judge Mitchell, the Court finds that an extension of time to effect service of process is unwarranted under the circumstances and that a dismissal without prejudice under Rule 4(m) is appropriate.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 22] is ADOPTED. This action is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. (m). A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that Plaintiff's Motion for Permission to Add Additional Defendants [Doc. No. 24] is DENIED.

IT IS SO ORDERED this 10th day of February, 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE